Filed 8/29/25  P. v. Lara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E085080 |
| v. | (Super.Ct.No. FSB702327) |
| LEONARD LARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, and Leonard Lara, in Pro. Per. for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Defendant Leonard Lara appeals from a postjudgment order denying his request for a full resentencing pursuant to Penal Code[1] section 1172.75. Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 and asked us to review the record independently under *Wende*. However, *Wende* does not apply to an appeal from the denial of postconviction relief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*).) Thus, we have no obligation to conduct an independent review of the record. However, defendant has filed a personal supplemental brief. We have reviewed the contentions defendant raised in his supplemental brief and affirm the order.

## PROCEDURAL BACKGROUND

Defendant was charged by information with first degree murder (§ 187, subd. (a), count 1) and carjacking (§ 215, subd. (a), count 2). As to both counts, it was alleged that he personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally used a firearm (§ 12022.53, subd. (b)), and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Defendant was also alleged to have suffered seven prior prison terms. (§ 667.5, subd.

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

2

(b).)  A jury convicted him as charged, except for the section 12022.53, subdivision (c), enhancements.  A court trial was scheduled for the prison priors for July 2, 2010.[2]

The court held a sentencing hearing on August 13, 2010, and sentenced defendant to state prison for a total of 50 years to life, plus two years, as follows:  on count 1, 25 years to life, plus 25 years to life (§ 12022.53, subd. (d)), plus 10 years (§ 12022.53, subd. (b)), stayed, plus 10 years (§ 186.22, subd. (b)(1)(C)), stayed; on count 2, one year, eight months (1/3 the midterm), consecutive to count 1, stayed, plus 25 years to life (§ 12022.53, subd. (d)), stayed, plus 10 years (§ 12022.53, subd. (b)), stayed, plus three years, four months (1/3 the midterm) (§186.22, subd. (b)(1)(C)), stayed.  The court also imposed one year each on the two prior prison term enhancements.[3]  (§ 667.5, subd. (b).)

On November 17, 2023, the parties stipulated to defendant being resentenced and the court striking his prison priors as legally invalid, under section 1172.75.  The court granted a full resentencing, apparently in two parts.  As stipulated, the court vacated the previous sentence, ordered the two prison priors to be stricken, and sentenced defendant to 50 years to life.  It then set the matter for further proceedings.

---

[2] The record on appeal does not appear to contain the clerk's transcript or reporter's transcript for the trial on the prison priors.  However, the record shows that, at the sentencing hearing, the court imposed one year each on two prison priors, thereby indicating that the court found two of the seven prison prior enhancement allegations true.  (See *post*.)

[3] We note the minute order from the sentencing hearing on August 13, 2010, reflects that the court ordered the section 12022.53, subdivision (c) allegations in counts 1 and 2 and five prison priors to be stricken.  However, this appears to be a clerical error, since the jury did not find true the section 12022.53, subdivision (c) enhancements, and the court apparently only found true two prison priors.

3

Defense counsel filed a brief and asked the court to resentence him by striking any prior strike convictions, sentencing him to the low or midterm on any sentences where the upper term was imposed, striking any enhancements used to increase his sentence, and consider his age, mental health, disciplinary record, and rehabilitative record. Defense counsel attached copies of the certificates of completion defendant earned from various rehabilitative programs. The People filed an opposition and argued that defendant's release would endanger the public, citing his extensive criminal record, record of numerous rule violations while in prison, and reports from the California Department of Corrections and Rehabilitation (CDCR) of being transferred from his facility into Short Term Restricted Housing numerous times, due to him presenting an immediate threat to the safety of others.

The court held a resentencing hearing on November 15, 2024, stated that it had reviewed the matter, and heard argument from counsel. The court noted defendant's current offenses, prior history, and rule violations while incarcerated and agreed with the People's analysis that defendant continued to pose a danger to public safety, despite the rehabilitative programs he had completed. The court then stated that it considered the case for resentencing and decided to exercise its discretion not to reduce defendant's sentence. Thus, it ordered that his sentence remain at 50 years to life.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel filed a *Wende* brief, setting forth a statement of the case and one

4

potential arguable issue: whether the court abused its discretion in declining to further reduce defendant's sentence. Counsel also requested this court to undertake a review of the entire record. Also, defendant filed a handwritten, personal supplemental brief. Because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We are only required to evaluate the specific arguments in defendant's supplemental brief. (*Ibid.*)

In his brief, defendant asserts that before the resentencing hearing on November 15, 2024, he was never given an opportunity to speak with his counsel and was not given "the right to set up a defense." Defendant then claims that if he "was given the pro per representation" at that hearing, his opportunity to receive a full resentencing would have been greater. He next complains that his counsel did not disagree with the prosecutor's statement that defendant "was given a number of breaks at sentencing," and his counsel failed to point out that his past rule violations were over 10 years old and should not have been used against him. Defendant then claims he only had three rule violations overall. He concludes that his counsel provided him with ineffective assistance (IAC) and caused his resentencing to be denied. Defendant also points out that he completed rehabilitation programs and included supporting documentation, which should have been considered by the court. Additionally, he claims his appellate counsel "filed the same opening brief" as his trial counsel, and he requests that we relieve his appellate counsel.

Most or all of defendant's assertions appear to be made in support of his claim that his trial counsel provided him with IAC. "In order to establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198 (*Mikel*). "To demonstrate prejudice, defendant bears the burden of showing a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Ibid.*)

Defendant has failed to demonstrate prejudice. The record shows that he did receive "a number of breaks," as the prosecutor argued, since the court stayed the sentences on all the enhancements and eventually struck the two prison priors. Further, defendant's trial counsel attached records of defendant's rehabilitation efforts to the resentencing brief, and the court acknowledged them at the hearing. However, the prosecutor presented evidence showing that defendant had 12 rule violations in prison (contrary to defendant's claim of three violations) for conduct such as possessing an inmate manufactured weapon, possessing an inmate manufactured hypodermic needle, fighting with other inmates, and possession of a controlled substance. The evidence also included CDCR reports showing that defendant had to be placed into restricted housing *numerous* times, due to him presenting an immediate threat to the safety of others. Ultimately, in view of the record, there is no reasonable probability that, but for his

counsel's alleged deficient performance, the court would have granted defendant's request to be resentenced to a shorter term.

DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS31

FIELDS _____
                                                            J.

We concur:

McKINSTER _____
                    Acting P. J.

RAPHAEL _____
                    J.

7